IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-01786-WYD

LUCIE DESMARAIS,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, a Michigan corporation,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal filed by Defendant on July 28, 2010, ECF No. 1. This case involves a claim for underinsured motorist insurance benefits under a policy issued by Defendant following an automobile accident between Plaintiff and an another individual who is alleged to have negligently caused the accident, causing Plaintiff to suffer injuries and damages.

Defendant's Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Defendant asserts therein that the amount in controversy requirement is satisfied. Further, Defendant asserts that Plaintiff is a resident of the State of Colorado and Defendant is a Michigan corporation, with its principal place of business in the State of Michigan. Thus, Defendant contends that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded

based on Defendant's failure to affirmatively establish that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). In her Third Amended Complaint, Plaintiff asserts she has suffered "permanent injuries and has incurred reasonable and necessary medical expenses in excess of $30,000 to date." *See* Third Amended Complaint at ¶ 11. In addition, Plaintiff alleges that while she has settled with the individual alleged to have caused the accident for the sum of $75,000, she has sustained damages in excess of that amount, and in excess of the individual's $100,000 policy limit. *Id*. at ¶ 17. Plaintiff is seeking damages from Defendant "in excess of the $75,000 settlement subject to the unisnured/underinsured motorist policy limits." *Id*. at ¶ 18. However, it is not clear from the Third Amended Complaint the amount of damages Plaintiff has sustained above

and beyond the $75,000 for which she has already been compensated, and there is no way to determine whether those expenses would satisfy the jurisdictional amount.

Thus, I turn to the Notice of Removal. The Notice of Removal fails to allege any specific amount of damages, and merely references the civil cover sheet filed in state court contemporaneously with the complaint. The civil cover sheet represents that the Plaintiff seeks a monetary judgment for more than $100,000.00, exclusive of interest and costs, and concludes that Plaintiff seeks damages in excess of $100,000. However, I find that the Notice of Removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied. Further, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

The amount in controversy has not been affirmatively established on the face of either the complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). In finding that Defendant has not established the jurisdictional amount, I am guided by the

strong presumption against removal of civil actions to federal court based on diversity jurisdiction.  Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).  It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Denver, State of Colorado, from which the case was removed.

Dated:  August 2, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge